# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | |
|---|---|
| MITCHELL EADS )<br>    Plaintiff, )<br>v. )<br>    )<br>STATE OF TENNESSEE, et al. )<br>    Defendants. ) | Docket No. 1:18-cv-00042<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se prisoner Plaintiff's Rule 65(a) Motion for Preliminary Injunction filed under seal pursuant to Rule 5.2(b). Docket No. 27. For the reasons stated herein, the undersigned recommends that the Motion be DENIED. Further, the undersigned finds that there is no basis to maintain this pleading under seal and therefore recommends that the seal be removed and this pleading be made part of the publicly accessible docket in this case.

## RELEVANT FACTS

Plaintiff Mitchell Eads, an inmate now housed at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a pro se complaint under 42 U. S. C § 1983 for violation of his civil rights. Docket No. 1. Among the claims asserted by Plaintiff was that much of his personal property was lost or stolen when it was removed from his cell following his segregation at Northeast Correctional Facility and subsequent transfer to Turney Center Industrial Complex. Docket No. 1, pp. 12-13. The Complaint contends this was a violation of his rights under the Fourth, Eighth and Fourteenth Amendments. *Id.* Plaintiff's instant motion seeks a preliminary injunction ordering that the Plaintiff be restored to his "previously enjoyed personal property rights." Docket No. 27. Specifically, he seeks an Order that the Defendants allow him to replace a

number of personal property items which he alleges were lost or taken from him in violation of Fourth, Eighth and Fourteenth Amendments. *Id.*

## ANALYSIS

**LEGAL STANDARD**

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction or TRO "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no

likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

The plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See, Kendrick v. Bland*, 740 F. 2d 432, 438, n. 3 (6th Cir. 1984).

**THE CASE AT BAR**

What Eads seeks by his motion is not maintenance of the status quo pending trial. Instead he asks that the Court order Defendants to allow him to replace items of personal property which he says were lost or taken from him in violation of his constitutional rights. Eads' motion thus falls into the category of "particularly disfavored" requests for injunctive relief and is subject to the Court's heightened scrutiny. *Schrier v. University of Colorado*, 427 F. 3d at 1253, 1259 (10th Cir. 2005).

    1.    **Likelihood of success on the merits**

Plaintiff contends that his likelihood of prevailing at trial "is all but certain and absolute." Docket No. 27, p. 6. He contends that he will easily prevail on the merits based on the failure of corrections officers to investigate the loss of his property or make reasonable efforts to recover the property. Docket No. 27, p. 9. He contends the correctional officials breached their duty to make reasonable attempts to recover the stolen property which is more than sufficient to establish a

likelihood he will prevail on the merits at trial. *Id.* Notwithstanding Plaintiff's beliefs in this regard, the Court, in its initial review of his Complaint found that he fails to state a claim for the loss of his property under the Fourteenth Amendment. Docket No. 17, p. 24. The Court also concluded that he could not state a claim under the Fourth or Eighth Amendments and that the claim was only properly advanced under the Fourteenth Amendment. *Id.* at p. 23, n. 4.

Because Plaintiff's claims related to his property have already been dismissed by the Court in this matter on initial review, there is no likelihood of success on the merits and thus Plaintiff's request should be denied on that ground alone. Nonetheless, Plaintiff cannot satisfy the other elements required to obtain injunctive relief. As the Court also found, here appear to be adequate state post-deprivation remedies available to the Plaintiff for the loss of his property. Docket No. 17, p. 24. For this reason, Plaintiff cannot establish that irreparable injury will result if he does not obtain injunctive relief. Furthermore, whether Plaintiff may replace his items of personal property seems to fall squarely within the "day to day management of prisons" which courts have long expressed reluctance to involve themselves in. *See Sandin v. Conner*, 515 U. S. 472, 42 (1995). Thus, the public interest in effective prison administration will weigh against injunctive relief if there has not been a sufficient showing of constitutional harm. Because Eads' claims were dismissed by this Court in initial review, he has adequate state post deprivation remedies available and the public has an interest in effective prison administration which is not outweighed by the other considerations in this case, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (Docket No. 27) be DENIED.

As noted above, Plaintiff filed this action under seal. The Court ordered Plaintiff to file the required motion to seal providing sufficiently compelling reasons why the pleading should remain

4

under seal. Docket No. 54. Plaintiff has not provided any explanation as to why his motion should be under seal. The undersigned has reviewed the motion and supporting documents and does not believe that there is a compelling reason to seal the documents. There does not appear to be any sensitive information contained within the pleading and the substance of the pleading *i.e.* the items Plaintiff seeks to replace, are all identified in his Complaint along with the legal arguments surrounding his belief that he is entitled to the relief sought. For these reasons, the undersigned further recommends that Plaintiff's motion (Docket No. 27) be publicly available on the docket in this matter.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**