IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **MITCHELL EADS** ) | |
|     **Plaintiff,** ) | |
| **v.** ) | **Docket No. 1:18-cv-00042** |
| ) | **Judge Campbell/Frensley** |
| **STATE OF TENNESSEE, et al.** ) | |
|     **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Preliminary Injunction filed by pro se prisoner Plaintiff, Mitchell Eads, in this matter. Docket No. 46. Defendants have filed a response in opposition. Docket No. 60. Also pending is a motion filed by the pro se Plaintiff under Rule 12(f) of the Federal Rules of Civil Procedure to strike Defendants' response in opposition to the Motion for Preliminary Injunction. Docket No. 71. Defendants have filed a response in opposition to the Plaintiff's Motion to Strike. Docket No. 74. For the reasons stated herein, the undersigned recommends Plaintiff's Motion for Preliminary Inunction (Docket No. 46) and Motion to Strike (Docket No. 71) be DENIED.

### RELEVANT FACTS

Plaintiff, Mitchell Eads, is an inmate now housed at the South Central Correctional Facility ("SCCF"). He has brought this pro se complaint under 42 U. S. C § 1983 for violation of his civil rights. Docket No. 1. After conducting an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), the Court dismissed numerous of Plaintiff's complaints but allowed certain of his claims to proceed.

At the time Plaintiff filed the instant motion for preliminary injunction was housed at the

Turney Center Industrial Complex ("TCIX"). Docket No. 46. His motion asked that the Court require that Defendants provide him with law books and legal reference materials while he is in segregation at TCIX. *Id.* He argues that the denial of these materials has "hindered and obstructed" the Plaintiff's access to the Courts and "severely impeded and obstructed" his ability to investigate the issues in this case. Docket No. 46. He asks that he be provided with law books and legal reference materials immediately and unconditional or that Defendants be fined and/or disciplined for every 24-hour period they fail to provide him with such materials. *Id.*

In response, Defendants argue that Plaintiff's motion is moot as he has now been transferred to another prison facility since filing the Motion. Docket No. 60. They further argue that he cannot meet the burden to show why injunctive relief should be granted and that the Court has no authority to discipline the Defendants related to their jobs as prison officials dispite Plaintiff's request as part of his Motion for Preliminary Injunction. *Id.* They point out Plaintiff has not attempted to show he is likely to succeed on the merits apart from his conclusory statement to that effect, has failed to show the need for the injunction to prevent a risk of injury or that the injunction would benefit the public interest. *Id.*

Plaintiff thereafter filed a Motion to Strike Defendants' Response arguing that it is "immaterial and impertinent" as "it does not address Plaintiff's property issue in any manner." Docket No. 71.[1]

Defendants filed a response in opposition to the Motion to Strike on the grounds that "Defendants response brief precisely addressed the Motion for Preliminary Injunction this court

---

1 Plaintiff filed a Motion for Preliminary Injunction in this matter under Seal (Docket No. 27) related to his personal property. It appears Plaintiff believes the Court ordered Defendants to respond to that motion rather than to the instant motion.

ordered Defendants to address." Docket No. 74, p. 2. They note that it appears the Plaintiff mistakenly believes that his Motion for Preliminary Injunction pertaining to his personal property was filed under Docket No. 46 and thus Defendants response is immaterial or impertinent. *Id.* at p. 3.

## ANALYSIS

Plaintiff Eads has the burden of showing that he is entitled to a preliminary injunction. He must show that he is "likely to succeed on the merits," and that he is "likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008); *see also Cooper v. Honeywell, Int'l, Inc.* 884 F. 3d 612, 615-16 (6th Cir. 2018).

Since filing his motion for preliminary injunction against staff at TCIX and seeking to enjoin them from denying access to legal materials, Eads has been transferred to SCCF, asevidenced by his filing of a notice of change of address. Docket No. 53. None of the Defendants identified in the Motion for preliminary injunction work at SCCF. Docket No. 1. As a general matter, a transfer to another prison moots a prisoner's claim for injunctive relief related to prison conditions if the alleged risk of harm does not travel to his new location. *Compare Colvin v. Caruso*, 605 F. 3d 282, 295 (6th Cir. 2010)(finding injunctive relief claim not mooted by transfer when challenged Kosher meal policy also applied to Plaintiff at new prison), *with Proctor v. Applegate,* 661 F. Supp 2d, 743, 763 (E. D. Mich. 2009)(finding injunctive relief claim moot where none of the alleged acts that took place and none of the named Defendants was employed at a facility where any Plaintiff was then housed). "Underlying [this] Rule is the premise that injunctive

3

relief is appropriate only where Plaintiff can show a reasonable expectation or a probability that he is in immediate danger of sustaining direct future injury as the result of the future injury as the result of the challenged official conduct." *Proctor,* 661 F. Supp 2d at 762, *see also Kensu v. Haigh*, 87 F. 3d 172, 175 (6th Cir. 1996)(finding claims for declaratory injunctive relief regarding mail moot because prisoner was no longer at the institution that searched his mail).

Here, Eads has only pled the denial of legal materials by staff at TCIX. Docket No. 46. Because the conduct about which Plaintiff complains specifically related to TCIX and the Defendants named therein, Plaintiff cannot show that irreparable injury in likely in the absence of an injunction. Because Plaintiff's allegations relate only to his alleged treatment at TCIX his claims for injunctive relief are moot since he was transferred to SCCF. Further, he cannot establish in light of the transfer that he is likely to suffer irreparable injury or otherwise satisfy the elements required for the issuance of a preliminary injunction. For these reasons, the undersigned recommends that the Plaintiff's Motion for Preliminary Injunction (Docket No. 46) be DENIED. The undersigned further recommends that because Defendants' response specifically addresses the issues raised in the Plaintiff's instant motion for preliminary injunction and Plaintiff's apparent confusion regarding the pleadings he has filed that his Motion to Strike (Docket No. 71) be DENIED as well.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report

and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**