IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MITCHELL EADS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-00042 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| STATE OF TENNESSEE, et al., | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. No. 94). Through his motion, Plaintiff seeks an order directing Defendants to restore his "previously enjoyed personal property rights." (Doc. No. 27.) Specifically, Plaintiff seeks an order allowing him to replace a number of personal property items he alleges were lost or taken from him in violation of the Fourth, Eighth, and Fourteenth Amendments. (*Id.*) The Magistrate Judge recommends denying Plaintiff's motion.

Plaintiff filed objections to the Report and Recommendation (Doc. No. 99). After a *de novo* review, and for the following reasons, Plaintiff's objections are OVERRULED, the Report and Recommendation (Doc. No. 94) is ADOPTED, and Plaintiff's Motion for a Preliminary Injunction (Doc. No. 27) is DENIED.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific

objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

The purpose of a preliminary injunction is to preserve the relative position of the parties until a trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Preliminary injunctions that alter the status quo are specifically disfavored. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). The moving party has the burden of proving that circumstances clearly demand a preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court balances four factors in deciding whether to issue the extraordinary equitable remedy of a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Ret. Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (*en banc*) (internal quotes omitted). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The Magistrate Judge determined that the factors weighed against granting a preliminary injunction and recommends denying Plaintiff's motion. First, he noted that Plaintiff has no likelihood of success on the merits because the Court has already dismissed Plaintiff's Fourteenth Amendment claims related to the loss of his property. In addition, Plaintiff was unlikely to suffer

irreparable harm as a result of the alleged constitutional violation because adequate state remedies were available to redress the deprivation of property. Finally, the Magistrate Judge noted that the public interest in effective prison administration weighs against injunctive relief. *See Sandin v Conner*, 515 U.S. 472, 482.

Plaintiff presented five specific objections to the Magistrate Judge's recommendation. (Doc. No. 99.) First, Plaintiff objects that the recommendation was not made promptly. The amount of time required for the Magistrate Judge to make a recommendation does not affect the Court's evaluation of the motion and, in any event, Plaintiff was not prejudiced by the length of time taken to consider the motion and issue a recommendation. Accordingly, this objection is overruled.

Second, Plaintiff objects that the Magistrate Judge did not require the Defendants to respond to the motion and did not hold a hearing. Defendant's must have the opportunity, but are not required, to respond to the motion. Regarding the necessity of a hearing, Federal Rule of Civil Procedure 65 does not require a hearing on a motion for preliminary injunction when no material facts are in dispute. *See Farnsworth v. Nationstar Mortg., LLC*, 569 Fed App'x. 421, 427 (6th Cir. 2014). While the facts in this case are disputed, the facts material to the preliminary injunction are not. Therefore, no hearing was required. Plaintiff's objection on these grounds is overruled.

Third, Plaintiff argues he has exhausted all administrative remedies and therefore the determination that there are adequate "state post-deprivation remedies" is incorrect. As stated in the Court's Memorandum Opinion, to state a claim against a state actor for violation of due process under the Fourteenth Amendment, Plaintiff must show that he has no adequate state remedies. (Doc. No. 17 at 24.) "Adequate state remedies," refers not to administrative remedies, but to remedies under state tort law, in this case for recovery of lost property. *See Parratt v. Taylor*, 451

3

U.S. 527, 543-44 (1981), *overruled on other grounds by Daniel v. William*, 474 U.S. 327 (1986). Accordingly, this objection is overruled.

Fourth, Plaintiff argues the Magistrate Judge applied an incorrect legal standard when he stated that the purpose of a preliminary injunction is the "maintenance of the status quo pending trial." The Magistrate Judge's statement of the law was correct. The United States Supreme Court has stated "the purpose of a preliminary injunction is merely to preserve the relative position of the parties until a trial on the merits has been held." *Univ. of Texas*, 451 U.S. at 396. "Status quo" means "the existing state of affairs." Webster's New International Dictionary (3d ed. 2002). Although the Magistrate Judge used the term "status quo" instead of the exact words of the Supreme Court, he has correctly stated the law. Therefore, this objection is overruled.

Finally, Plaintiff states that he "will offer further evidence of a second theft of Plaintiff's personal property." (Doc. No. 99 at 3.) The potential for new claims related to different property, is not before the Court and is not relevant to the consideration of Plaintiff's motion for a preliminary injunction.

The Court concludes that Defendant's objections are without merit and are OVERRULED. The Court has reviewed the Report and Recommendation and concludes it should be ADOPTED and APPROVED. Accordingly, Plaintiff's Motion for a Preliminary Injunction is **DENIED**.

The Court finds no cause to maintain the filing under seal. The Clerk shall remove the seal from this motion (Doc. No. 27) so that it may be publicly available on the docket.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE